IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON | § | |
| v. | § | CIVIL ACTION NO. 5:18cv43 |
| BOWIE COUNTY, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff R. Wayne Johnson filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

As Defendants, Plaintiff named Bowie County, Texas; Judges Josh Morris, Bailey Moseley, and Ralph Burgess of the Sixth Judicial District (Texas) Court of Appeals; the Clerk of the Sixth Court of Appeals, Debra Autrey; attorneys named J.H. Doan, Don Ross, L. O'Brien, McCabe, and Brent; the United States Postal Service; Fannin County; an individual identified as Laurine Blake; Christina Crain, former chairman of the Texas Board of Corrections; Nadine Phillpotts, an attorney with the Texas Attorney Generals Office; unnamed other individuals with the Attorney General's Office; and a physician identified as Dr. Lisa Medwedeff.

Plaintiff argued the Defendants nullified Supreme Court precedent in some unspecified way in order to violate Article III of the Constitution. He contended none of the Defendants are entitled to immunity and appointment of counsel for him is mandatory. He asked for the Department of Justice to conduct an investigation and for damages totaling $950,000.00

The Magistrate Judge determined Plaintiff has previously filed at least 50 prior lawsuits, of which no fewer than 13 have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. Consequently, the Magistrate Judge stated Plaintiff could not proceed under the *in forma pauperis* statute unless he showed he was in imminent danger of serious physical injury as of the time of the filing of the lawsuit. 28 U.S.C. §1915(g); *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

After reviewing the pleadings, the Magistrate Judge concluded Plaintiff did not pay the full filing fee and did not show he was in imminent danger of serious physical injury as of the filing of the lawsuit. The Magistrate Judge therefore concluded Plaintiff's lawsuit is barred by the three-strike provision of 28 U.S.C. §1915(g).

Plaintiff received a copy of the Magistrate Judge's Report but filed no objections thereto; accordingly, he is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** the Report of the Magistrate Judge (Docket No. 6) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the Plaintiff's application for leave to proceed *in forma pauperis* (Docket No. 2) is **DENIED** and the above-styled civil action is **DISMISSED WITH PREJUDICE** as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without

prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full statutory filing fee. It is further

**ORDERED** if the Plaintiff pays the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as though the full fee had been paid from the outset. Because Plaintiff is ineligible to proceed *in forma pauperis*, the full filing fee is $400.00. Payment of the full filing fee will not affect a frivolousness analysis nor the requirement of exhaustion of administrative remedies. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**SIGNED this 6th day of November, 2018.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE